```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **RUSSELL LEE VANCE** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **BRIAN P. MCCAULLEY, Pa. State** | : | |
| **Trooper, individually and also** | : | |
| **in his official capacity** | : | NO. 02-4344 |

## M E M O R A N D U M

**O'NEILL, J.**                                                                 JULY    , 2002

      Plaintiff, a prisoner at S.C.I. Pittsburgh, is seeking to bring a civil action under 42 U.S.C. § 1983 without prepayment of fees. Plaintiff alleges that the defendant, Pennsylvania State Trooper Brian P. McCaulley, arrested him for a crime he did not commit, following an investigation that plaintiff alleges was improperly conducted and racially biased. As a result, plaintiff was charged with assault and weapons violations. He seeks damages.

      Pursuant to 28 U.S.C. § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied <u>in forma pauperis</u> status unless he is in imminent danger of serious physical injury at the time that the complaint is filed. <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir.), <u>cert. denied</u>, 533 U.S. 953 (2001).

      Plaintiff has, prior to the instant action, filed numerous civil rights actions in this Court which were dismissed

as frivolous.[1]  Furthermore, nothing in this complaint suggests that plaintiff, who is no longer confined at the state correctional institution where the incident giving rise to this complaint allegedly occurred, is in imminent danger of serious physical injury.

   The Court also notes that plaintiff appears to have sufficient funds in his inmate account, $241.12, to pay the filing fee to commence this action, and that venue does not appear to be properly laid in this judicial district.[2]

   Accordingly, plaintiff's motion to proceed <u>in forma pauperis</u> will be denied.  An appropriate order follows.

---

1.  The three civil rights actions most recently dismissed by this Court were: (1) Civil Action No. 96-0438, dismissed as frivolous on January 24, 1996; (2) Civil Action No. 94-0288, dismissed as frivolous on January 21, 1994; and (3) Civil Action No. 94-0255, dismissed as frivolous on January 24, 1994.

2.  Because the incident which gives rise to this complaint occurred at S.C.I. Huntingdon, which is located in the Middle District of Pennsylvania, and the defendant appears to reside in the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), this action may not be brought in the United States District Court for the Eastern District of Pennsylvania.

```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**RUSSELL LEE VANCE**              :    CIVIL ACTION
                                       :
        v.                     :
                                       :
**BRIAN P. MCCAULLEY, Pa. State**  :
**Trooper, individually and also**  :
**in his official capacity**        :    NO. 02-4344

## O R D E R

**AND NOW**, to wit, this _____ day of July, 2002, in accordance with the accompanying memorandum, **IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **DENIED** pursuant to 28 U.S.C. § 1915(g).

                                  **BY THE COURT:**

                                  **THOMAS N. O'NEILL, JR., J.**

Case 2:02-cv-04344-TON     Document 2     Filed 07/16/2002     Page 4 of 4